# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CRAIG, SR., | CASE NO.   1:13-cv-0327-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| A. GONZALES, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| _____/ | |

Plaintiff Michael Craig, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  No other parties have appeared.

Plaintiff filed this action on March 7, 2013.  (Compl., ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

-1-

1   such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

2   thereof, that may have been paid, the court shall dismiss the case at any time if the court

3   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

4   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5        A complaint must contain "a short and plain statement of the claim showing that the

6   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

7   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

8   mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

9   (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth

10  "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

11  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands

12  more than the mere possibility that a defendant committed misconduct and, while factual

13  allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

14  **II.     SUMMARY OF COMPLAINT**

15       Plaintiff is currently housed at California Substance Abuse Treatment Facility

16  ("SATF-CSP"), where the allegations in his Complaint arose.  Plaintiff names the following

17  individuals as Defendants: 1) J. Lopez, correctional officer at SATF-CSP, 2) A. Gonzales,

18  ABE instructor at SATF-CSP, 3) J. Gallagher, 4) A.W. Medina, and 5) Ralph Diaz, warden.

19       Plaintiff's allegations are as follows:

20       Defendant Gonzales violated Plaintiff's rights under the Fifth Amendment by

21  subjecting him to double jeopardy as a result of Plaintiff's medical concerns.  (Compl. at

22  3.)  Defendant Lopez violated Plaintiff's Fourth Amendment rights by seizing Plaintiff's

23  property.  (Id.)  Defendant Gallagher violated Plaintiff's rights under the Fourth, Fifth,

24  Eighth, and Fourteenth Amendments by taking inadequate disciplinary procedures.  (Id.)

25       Plaintiff asks for compensation.  (Compl. at 3.)

26  **III.    ANALYSIS**

27       **A.     42 U.S.C. § 1983 Claims**

28       42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,

-2-

1  privileges, or immunities secured by the Constitution and laws' of the United States."

2  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  §

3  1983 is not itself a source of substantive rights, but merely provides a method for

4  vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94

5  (1989).

6       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

7  a right secured by the Constitution or laws of the United States was violated, and (2) that

8  the alleged violation was committed by a person acting under the color of state law.  See

9  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

10  (9th Cir. 1987).

11       **B.    42 U.S.C. § 1983 Linkage Requirement**

12       Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named

13  Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297

14  F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term

15  "supervisory liability," loosely and commonly used by both courts and litigants alike, is a

16  misnomer.  Iqbal, 556 U.S. at 677.  "Government officials may not be held liable for the

17  unconstitutional conduct of their subordinates under a theory of respondeat superior."  Id.

18  at 676.  Rather, each government official, regardless of his or her title, is only liable for his

19  or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant,

20  through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 676-

21  677.

22       Plaintiff has not alleged any facts relating to Defendants Medina or Diaz personally

23  or suggesting that either acted to violate his rights.  Plaintiff will be given the opportunity

24  to file an amended complaint curing these deficiencies.

25       **C.    Federal Rule of Civil Procedure 18(a)**

26       Fed. R. Civ. P. 18(a) states that "[a] party asserting a claim to relief as an original

27  claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or

28  as alternate claims, as many claims, legal, equitable, or maritime, as the party has against

1   an opposing party." "Thus multiple claims against a single party are fine, but Claim A
2   against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.
3   Unrelated claims against different defendants belong in different suits, not only to prevent
4   the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure
5   that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the
6   number of frivolous suits or appeals that any prisoner may file without prepayment of the
7   required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

8       Plaintiff's Complaint is difficult to follow, but does seem to contain a number of
9   unrelated claims.  Evaluation of the cognizablity of his calms is made more difficult
10  because he provides no factual basis for them but instead makes purely conclusory
11  statements as to a statutory basis for alleged violations.  In any event, the limited pleadings
12  suggest that each named Defendant violated his rights at unrelated times and in
13  unconnected events.

14      Plaintiff will be given leave to amend. If he chooses to do so, he should file a
15  separate complaint for each unrelated claim.  If he does not, all unrelated claims will be
16  subject to dismissal.

17      The Court will analyze what it perceives are Plaintiff's intended claims and outline
18  the law applicable to each type of claim so that he might evaluate which, if any, he feels
19  may be and should be pursued here and which, if any, may be and should be pursued in
20  different actions.  In his amended pleading, Plaintiff should ensure he includes facts
21  sufficient to support each type of claim.

22      **D.    Fifth Amendment**

23      Plaintiff alleges that Defendants Gonzales and Gallagher violated his Fifth
24  Amendment rights by subjecting him to double jeopardy.

25      To the extent Plaintiff is attempting to plead a double jeopardy claim, his federal
26  legal remedy lies in a writ of habeas corpus.  When a prisoner challenges the legality or
27  duration of his custody, or raises a constitutional challenge which could entitle him to an
28  earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez,

1  411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir.1990), cert. denied 11 S.Ct.
2  1090 (1991).   Therefore, Plaintiff may not allege a violation of the Fifth Amendment
3  prohibition against double jeopardy in this civil rights action.  Moreover, a violation of state
4  law, such as California Penal Code section 654, will generally not provide a basis for
5  federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991).

6        Plaintiff has failed to state a Fifth Amendment claim against Defendants Gonzales
7  or Gallagher.  Plaintiff will be given leave to amend.  In his amended complaint, he should
8  allege a different statutory basis for his claims against them, if possible, and include
9  additional information about their alleged wrongdoings.

10       **E.     Fourth Amendment**

11       Plaintiff alleges Defendant Lopez violated his Fourth Amendment rights by seizing
12  his property.  He also alleges that Defendant Gallagher violated his Fourth Amendment
13  rights.

14       Under the Fourth Amendment, a seizure of property "occurs when there is some
15  meaningful interference with an individual's possessory interest in that property."
16  Jacobsen, 466 U.S. at 113.  The United States Supreme Court has held that "the Fourth
17  Amendment has no applicability to a prison cell."  Hudson v. Palmer, 468 U.S. 517, 536
18  (1984).  Further, the Court noted, "[p]rison officials must be free to seize from cells any
19  articles which, in their view, disserve legitimate institutional interests."  Id. at 528 n.8.

20       Because there is no Fourth Amendment applicability to a prison cell, any claim
21  raised by Plaintiff in this regard fails.  Plaintiff has failed to state a Fourth Amendment claim
22  against Defendants Lopez or Gallagher.

23       Plaintiff will be given leave to amend his claims against these Defendants.  If
24  Plaintiff chooses to file an amended complaint, he should omit any claim arising out of the
25  seizure of materials from his cell.  If Plaintiff wishes to allege another claim against these
26  Defendants, he should set forth the statutory basis for his claims and provide additional
27  factual information in his amended complaint.

28

1    **F.    Eighth Amendment**

2        Plaintiff alleges Defendant Gallagher violated his Eighth Amendment rights but fails

3    to explain what Defendant Gallagher did to so violate Plaintiff's rights.  In his amended

4    complaint, Plaintiff should state what kind of Eighth Amendment claim he wishes to allege

5    and include all possible factual allegations related to that type of claim with regard to each

6    named defendant, in accord with the following legal standards:

7        1.    Medical Care

8        "[A] prison official may be held liable under the Eighth Amendment for

9    denying humane conditions of confinement only if he knows that inmates face a substantial

10   risk of serious harm and disregards that risk by failing to take reasonable measures to

11   abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Prison officials are required to

12   take reasonable measures to guarantee the safety of inmates and officials have a duty to

13   protect prisoners from violence at the hands of other prisoners.  Farmer, 511 U.S. at

14   832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  An inmate has no

15   constitutional right, however, to enjoy a particular security classification or housing.  See

16   Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due

17   Process Clause is implicated in a prison's reclassification and transfer decisions); see also

18   Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Further, "[v]erbal harassment or

19   abuse ... is not sufficient to state a constitutional deprivation[.]"  Oltarzewski v. Ruggiero,

20   830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir.

21   1979)).

22       Rather, to state a claim for threats to safety, an inmate must allege facts to support

23   that he was incarcerated under conditions posing a substantial risk of harm and that prison

24   officials were "deliberately indifferent" to those risks.  Farmer, 511 U.S. at 834; Frost, 152

25   F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en

26   banc).  To adequately allege deliberate indifference, a plaintiff must set forth facts to

27   support that a defendant knew of, but disregarded, an excessive risk to inmate safety.

28   Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from

-6-

1   which the inference could be drawn that a substantial risk of serious harm exist[ed], and

2   he must also [have] draw[n] the inference."  Farmer, 511 U.S. at 837; Frost, 152 F.3d at

3   1128; Redman, 942 F.2d at 1442.

4                    2.    Failure to Protect

5        "[A] prison official may be held liable under the Eighth Amendment for denying

6   humane conditions of confinement only if he knows that inmates face a substantial risk of

7   serious harm and disregards that risk by failing to take reasonable measures to abate it."

8   Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Prison officials are required to take

9   reasonable measures to guarantee the safety of inmates and officials have a duty to

10  protect prisoners from violence at the hands of other prisoners.  Farmer, 511 U.S. at

11  832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  An inmate has no

12  constitutional right, however, to enjoy a particular security classification or housing.  See

13  Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due

14  Process Clause is implicated in a prison's reclassification and transfer decisions); see also

15  Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Further, "[v]erbal harassment or

16  abuse ... is not sufficient to state a constitutional deprivation[.]"  Oltarzewski v. Ruggiero,

17  830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir.

18  1979)).

19       Rather, to state a claim for threats to safety, an inmate must allege facts to support

20  that he was incarcerated under conditions posing a substantial risk of harm and that prison

21  officials were "deliberately indifferent" to those risks.  Farmer, 511 U.S. at 834; Frost, 152

22  F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en

23  banc).  To adequately allege deliberate indifference, a plaintiff must set forth facts to

24  support that a defendant knew of, but disregarded, an excessive risk to inmate safety.

25  Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from

26  which the inference could be drawn that a substantial risk of serious harm exist[ed], and

27  he must also [have] draw[n] the inference."  Farmer, 511 U.S. at 837; Frost, 152 F.3d at

28  1128; Redman, 942 F.2d at 1442.

1                       3.    <u>Conditions of Confinement</u>

2         The Constitution does not mandate comfortable prisons, but neither does it permit

3 inhumane ones. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  The treatment a prisoner

4 receives in prison and the conditions under which he is confined are subject to scrutiny

5 under the Eighth Amendment. <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993).  In its

6 prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on

7 prison officials, who may not, for example, use excessive force against prisoners. <u>Hudson</u>

8 <u>v. McMillian</u>, 503 U.S. 1, 6-7 (1992). A prison official violates the Eighth Amendment when

9 two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently

10 serious, <u>Farmer</u>, 511 U.S. at 834 (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)), and

11 (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending

12 conduct was wanton, <u>id.</u> (citing <u>Wilson</u>, 501 U.S. at 297).

13         The Eighth Amendment requires that prison officials take reasonable measures to

14 guarantee the safety of prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  In some

15 circumstances, a prison official may create a serious risk of irreparable harm, and thus

16 violate the Eighth Amendment, by giving other inmates reason to believe that a particular

17 inmate is a homosexual. <u>Radillo v. Lunes</u>, 2008 WL 4209824, *2 (E.D. Cal. Sept. 8, 2008);

18 <u>see</u> <u>also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately

19 spreading rumor that prisoner is snitch may state claim for violation of right to be protected

20 from violence while in state custody).  However, "speculative and generalized fears of harm

21 at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm."

22 <u>Williams v. Wood</u>, 223 Fed.Appx. 670, 671, 2007 WL 654223, *1 (9th Cir. 2007).

23       **G.**     **Fourteenth Amendment Claim**

24         Plaintiff also alleges that Defendant Gallagher violated his rights under the

25 Fourteenth Amendment but does not explain why or how.  Plaintiff has failed to state a

26 Fourteenth Amendment claim against Defendant Gallagher.  He will be given leave to

27 amend this claim.  The general standards for the two principal Fourteenth Amendment

28 claims are set forth below.

1          1.      Liberty Interest

2          The Due Process Clause of the Fourteenth Amendment protects prisoners from

3    being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell,

4    418 U.S. 539, 556 (1974). Liberty interests may arise from the Due Process Clause itself

5    or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created

6    by state law are generally limited to freedom from restraint which "imposes atypical and

7    significant hardship on the inmate in relation to the ordinary incidents of prison life."

8    Sandin v. Conner, 515 U.S. 472, 484 (1995).

9          Determining whether a prison condition is "atypical and significant" requires

10   consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th

11   Cir. 1996).  The Court considers three guideposts in framing the inquiry: (1) whether the

12   challenged condition mirrored those conditions imposed upon inmates in administrative

13   segregation and protective custody, and thus comported with the prison's discretionary

14   authority; (2) the duration of the condition and the degree of restraint imposed; and (3)

15   whether the state's action will invariably affect the duration of the prisoner's sentence.

16   Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

17         2.      Property Interest

18         The Due Process Clause protects prisoners from being deprived of property without

19   due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a

20   protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir.

21   1974).

22         An authorized, intentional deprivation of property is actionable under the Due

23   Process Clause.  Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v.

24   Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th

25   Cir. 1985).[1]  Authorized deprivations of property are permissible if carried out pursuant to

26   _____

27         [1] An authorized deprivation is one carried out pursuant to established state procedures,
     regulations, or statutes.  Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985);
28   see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

1  a regulation that is reasonably related to a legitimate penological interest. <u>Turner v. Safley</u>,
2  482 U.S. 78, 89 (1987).

3       For an unauthorized deprivation of property, Plaintiff would have to allege that he
4  lacks a meaningful state tort remedy for any unauthorized property deprivation (i.e., a
5  deprivation not authorized by properly adopted regulations, procedures and policies).
6  Plaintiff should note that for unauthorized deprivations of property, he does have an
7  adequate post-deprivation remedy under California law and therefore, any attempt to
8  pursue a claim under federal law for unauthorized taking of his  property fails as a matter
9  of law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§
10  810– 895).

11  **IV.**   **<u>CONCLUSION AND ORDER</u>**

12       Plaintiff's Complaint fails to state a claim upon which relief may be granted under
13  § 1983.   The Court will provide Plaintiff with the opportunity to amend to cure the
14  deficiencies in his claim. <u>Lopez v. Smith</u>, 203 F.3d at 1122, 1130 (9th Cir. 2000); <u>Noll v.</u>
15  <u>Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff may not change the nature of
16  this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507
17  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

18       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state
19  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,
20  <u>Iqbal</u>, 556 U.S. 676-677.   Although accepted as true, the "[f]actual allegations must be
21  [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at
22  555 (citations omitted).

23       Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana,</u>
24  <u>Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.
25  1987), and it must be "complete in itself without reference to the prior or superceded
26  pleading," Local Rule 220.

27       Accordingly, it is HEREBY ORDERED that:

28       1.    The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's Complaint, filed March 7, 2013, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   March 29, 2013        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

-11-