UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CRAIG, SR., | CASE NO.   1:13-cv-0327-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| A. GONZALES, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| _____/ | |

Plaintiff Michael Craig, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. No other parties have appeared.

Plaintiff filed this action on March 7, 2013. (Compl., ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

I.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II. SUMMARY OF COMPLAINT

Plaintiff is currently housed at California Substance Abuse Treatment Facility ("SATF-CSP"), where the allegations in his Complaint arose. Plaintiff names the following individuals as Defendants: 1) J. Lopez, correctional officer at SATF-CSP, 2) A. Gonzales, ABE instructor at SATF-CSP, 3) J. Gallagher, 4) A.W. Medina, and 5) Ralph Diaz, warden.

Plaintiff's allegations are as follows:

Defendant Gonzales violated Plaintiff's rights under the Fifth Amendment by subjecting him to double jeopardy as a result of Plaintiff's medical concerns. (Compl. at 3.) Defendant Lopez violated Plaintiff's Fourth Amendment rights by seizing Plaintiff's property. (Id.) Defendant Gallagher violated Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments by taking inadequate disciplinary procedures. (Id.)

Plaintiff asks for compensation. (Compl. at 3.)

## III. ANALYSIS

### A.   42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,

privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

**B.    42 U.S.C. § 1983 Linkage Requirement**

Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676-677.

Plaintiff has not alleged any facts relating to Defendants Medina or Diaz personally or suggesting that either acted to violate his rights. Plaintiff will be given the opportunity to file an amended complaint curing these deficiencies.

**C.    Federal Rule of Civil Procedure 18(a)**

Fed. R. Civ. P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against

an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's Complaint is difficult to follow, but does seem to contain a number of unrelated claims.  Evaluation of the cognizablity of his calms is made more difficult because he provides no factual basis for them but instead makes purely conclusory statements as to a statutory basis for alleged violations. In any event, the limited pleadings suggest that each named Defendant violated his rights at unrelated times and in unconnected events.

Plaintiff will be given leave to amend. If he chooses to do so, he should file a separate complaint for each unrelated claim.  If he does not, all unrelated claims will be subject to dismissal.

The Court will analyze what it perceives are Plaintiff's intended claims and outline the law applicable to each type of claim so that he might evaluate which, if any, he feels may be and should be pursued here and which, if any, may be and should be pursued in different actions.  In his amended pleading, Plaintiff should ensure he includes facts sufficient to support each type of claim.

### D.     Fifth Amendment

Plaintiff alleges that Defendants Gonzales and Gallagher violated his Fifth Amendment rights by subjecting him to double jeopardy.

To the extent Plaintiff is attempting to plead a double jeopardy claim, his federal legal remedy lies in a writ of habeas corpus.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez,

1 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir.1990), cert. denied 11 S.Ct. 1090 (1991). Therefore, Plaintiff may not allege a violation of the Fifth Amendment prohibition against double jeopardy in this civil rights action. Moreover, a violation of state law, such as California Penal Code section 654, will generally not provide a basis for federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991).

Plaintiff has failed to state a Fifth Amendment claim against Defendants Gonzales or Gallagher. Plaintiff will be given leave to amend. In his amended complaint, he should allege a different statutory basis for his claims against them, if possible, and include additional information about their alleged wrongdoings.

### E.  Fourth Amendment

Plaintiff alleges Defendant Lopez violated his Fourth Amendment rights by seizing his property. He also alleges that Defendant Gallagher violated his Fourth Amendment rights.

Under the Fourth Amendment, a seizure of property "occurs when there is some meaningful interference with an individual's possessory interest in that property." Jacobsen, 466 U.S. at 113. The United States Supreme Court has held that "the Fourth Amendment has no applicability to a prison cell." Hudson v. Palmer, 468 U.S. 517, 536 (1984). Further, the Court noted, "[p]rison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests." Id. at 528 n.8.

Because there is no Fourth Amendment applicability to a prison cell, any claim raised by Plaintiff in this regard fails. Plaintiff has failed to state a Fourth Amendment claim against Defendants Lopez or Gallagher.

Plaintiff will be given leave to amend his claims against these Defendants. If Plaintiff chooses to file an amended complaint, he should omit any claim arising out of the seizure of materials from his cell. If Plaintiff wishes to allege another claim against these Defendants, he should set forth the statutory basis for his claims and provide additional factual information in his amended complaint.

## F. **Eighth Amendment**

Plaintiff alleges Defendant Gallagher violated his Eighth Amendment rights but fails to explain what Defendant Gallagher did to so violate Plaintiff's rights. In his amended complaint, Plaintiff should state what kind of Eighth Amendment claim he wishes to allege and include all possible factual allegations related to that type of claim with regard to each named defendant, in accord with the following legal standards:

### 1. Medical Care

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from

which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

### 2. Failure to Protect

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

3. Conditions of Confinement

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, id. (citing Wilson, 501 U.S. at 297).

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In some circumstances, a prison official may create a serious risk of irreparable harm, and thus violate the Eighth Amendment, by giving other inmates reason to believe that a particular inmate is a homosexual. Radillo v. Lunes, 2008 WL 4209824, *2 (E.D. Cal. Sept. 8, 2008); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody). However, "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm." Williams v. Wood, 223 Fed.Appx. 670, 671, 2007 WL 654223, *1 (9th Cir. 2007).

**G. Fourteenth Amendment Claim**

Plaintiff also alleges that Defendant Gallagher violated his rights under the Fourteenth Amendment but does not explain why or how. Plaintiff has failed to state a Fourteenth Amendment claim against Defendant Gallagher. He will be given leave to amend this claim. The general standards for the two principal Fourteenth Amendment claims are set forth below.

1. Liberty Interest

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

2. Property Interest

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).[1] Authorized deprivations of property are permissible if carried out pursuant to

---

[1] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

For an unauthorized deprivation of property, Plaintiff would have to allege that he lacks a meaningful state tort remedy for any unauthorized property deprivation (i.e., a deprivation not authorized by properly adopted regulations, procedures and policies). Plaintiff should note that for unauthorized deprivations of property, he does have an adequate post-deprivation remedy under California law and therefore, any attempt to pursue a claim under federal law for unauthorized taking of his property fails as a matter of law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810– 895).

## IV.     CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.  The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. 676-677.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's Complaint, filed March 7, 2013, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   March 29, 2013         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE